## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

CHRISTOPHER M. MAYER

_____/

**SEALED**
**INDICTMENT**

*3:26cr100-TKW*

**THE GRAND JURY CHARGES:**

## COUNT ONE

Between on or about October 1, 2024, and on or about January 28, 2026, in

the Northern District of Florida and elsewhere, the defendant,

**CHRISTOPHER M. MAYER,**

did knowingly and willfully combine, conspire, confederate, and agree with other

persons to distribute, receive, and possess with intent to distribute a visual

depiction of any kind, including a drawing and cartoon, that depicts a minor

engaging in sexually explicit conduct, and is obscene, and was shipped and

transported in interstate and foreign commerce by any means, including by

computer, and was produced using materials that have been shipped and

transported in interstate or foreign commerce by any means, including by

computer.

FILED USDC FLND PN
JUN 16 '26 PM 6:41

Returned in open court pursuant to Rule 6(f)

6/16/2026

Date

United States Magistrate Judge

In violation of Title 18, United States Code, Sections 1466A(a)(1) and 1466A(d)(4).

## COUNT TWO

Between on or about October 1, 2024, and on or about January 28, 2026, in the Northern District of Florida and elsewhere, the defendant,

## CHRISTOPHER M. MAYER,

did knowingly receive, and attempt to receive, material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce, and that had been shipped and transported using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

## COUNT THREE

On or about January 28, 2026, in the Northern District of Florida, the defendant,

## CHRISTOPHER M. MAYER,

did knowingly possess and access with intent to view material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and a minor who had not attained 12 years of age,

2

that was produced using materials that had been shipped and transported in interstate and foreign commerce, and that had been shipped and transported using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Sections 1467 and 2253.

From his engagement in the violations charged in Counts One through Three of this Indictment, punishable by imprisonment for more than one year, the defendant,

## CHRISTOPHER M. MAYER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 1467 and 2253, all of his interest in:

(A)   Any obscene material produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Sections 1460 through 1470;

(B)   Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses;

(C)    Any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses;

(D)    Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18, United States Code.

(E)    The property referenced in subparagraphs A, B, C, and D above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes, and hard disk drives or units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the hardware and software mentioned above, tools, equipment, and manuals and documentation for the assembly and use of the hardware and software mentioned above.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   i.    cannot be located upon the exercise of due diligence;

   ii.    has been transferred or sold to, or deposited with, a third person;

iii.    has been placed beyond the jurisdiction of the Court;

iv.    has been substantially diminished in value; or

v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), and by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of any forfeitable property described above.

A TRUE BILL:

FOREPERSON

6/16/2026

DATE

JOHN P. HEEKIN
United States Attorney

DAVID L. GOLDBERG
Assistant United States Attorney

THOMAS S.P. GEEKER
Assistant United States Attorney

5